Condor Capital Corp. v CALS Invs., LLC (2020 NY Slip Op 00536)





Condor Capital Corp. v CALS Invs., LLC


2020 NY Slip Op 00536


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Kapnick, J.P., Oing, Singh, Moulton, JJ.


10890 652700/17

[*1] Condor Capital Corp., Plaintiff-Appellant,
v
CALS Investors, LLC, Defendant-Respondent, XYZ Corp. 1-10, Defendants.


Kirsch & Niehaus PLLC, New York (Paul R. Niehaus of counsel), for appellant.
Sidley Austin LLP, New York (Daniel Gimmel of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on June 8, 2018, which, inter alia, granted the motion of defendant CALS Investors, LLC (defendant) to dismiss, pursuant to CPLR 3211(a)(1) and (7), so much of the first cause of action as alleged that defendant had breached the parties' contract by failing to properly calculate the MOIC Target, unanimously affirmed, with costs.
The parties' contract defines MOIC Target as 115% of the Target. In turn, Target is defined as the Closing Cash Purchase Price; the parties agree that the Closing Cash Purchase Price was $64,464,497.
Plaintiff contends that the MOIC Target should be 115% of $20,389,153.90 because that is the amount defendant actually invested, and MOIC means multiple of invested capital. However, "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Ellington v EMI Music, Inc., 24 NY3d 239, 245 [2014] [internal quotation marks omitted]). The definition of "MOIC Target" is unambiguous. Contrary to plaintiff's contention, enforcing the definition as written does not "produce a result that is absurd, commercially unreasonable or contrary to the reasonable expectations of the parties" (Matter of Lipper Holdings v Trident Holdings, 1 AD3d 170, 171 [1st Dept 2003] [internal citations omitted]).
The IAS court providently exercised its discretion by not converting defendant's motion into a summary judgment motion (see Lerner v Prince, 119 AD3d 122, 131 [1st Dept 2014]). "Where the terms of a contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract" (Ellington, 24 NY3d at 244). Discovery is unnecessary because "[a]ny such discovery would simply be an opportunity for plaintiff to uncover parol [*2]evidence to attempt to create an ambiguity in an otherwise clear and unambiguous agreement" (RM Realty Holdings Corp. v Moore, 64 AD3d 434, 437 [1st Dept 2009] [emphasis omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK